The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the prior Opinion and Award. However, pursuant to its authority under G.S. 97-85, the Full Commission modifies in part and affirms in part the Deputy Commissioners decision and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties in a Pre-Trial Agreement and at the hearing on 18 February 1997 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between the deceased plaintiff-employee and defendant-employer at all relevant times herein.
3. American Insurance Company was on the risk at all relevant times herein.
4. The deceased plaintiff-employee was employed by defendant-employer from June of 1955 to 29 October 1957; from 7 January 1959 to 25 August 1967; and from 4 October 1967 to 17 November 1982.
5. The applicable compensation rate for the deceased employee is $385.90 per week.
6. The parties stipulated to the deceased plaintiff-employees medical records from Drs. Avinash D. Shah, Felix Evangelist and David E. Shanks.
7. The parties stipulated to defendants Answers to the deceased employees First Set of Interrogatories.
8. The issues presented are:
a. Whether the deceased employee contracted the occupational disease of asbestosis, and if so, when was he last injuriously exposed to the hazards of asbestos?
b. Whether the deceased employee contracted the occupational disease of mesothelioma?
c. Whether the deceased employee is permanently and totally disabled as a result of his asbestosis and mesothelioma?
d. What, if any, compensation is the estate of the deceased employee entitled?
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 17 August 1998 the employee involved in this matter, Mr. David Broome, Sr., hereinafter decedent, died as the result of his mesothelioma condition. His wife, Mrs. Betty Broome, has duly qualified as executrix of Mr. Broomes estate and has been substituted as plaintiff in this action.
2. Having completed the ninth grade, decedent joined the United States Navy in 1951 where he worked as a boiler technician for two and one-half years. Decedents duties included maintaining and cleaning the boiler on the ship. Decedent was exposed to asbestos and asbestos dust while working as a boiler technician.
3. Decedent began working for defendant-employer in 1955. Decedent was initially hired as a "repeatman and was eventually promoted to a supervisor in the photo department. Decedent worked for defendant-employer for approximately twenty-five (25) years.
4. Defendant-employer is a textile printing roller company which makes cylinders for printing companies. Defendant-employers plant is at least seventy-five (75) years old and is a renovated cotton mill heated by two steam boilers.
5. In 1982, decedent went to work for National Textile Engravers, where he worked for six (6) years. Following his work with National Textile Engravers, decedent moved to Statesville and began working for United Engravers, where he worked for three (3) years.
6. Decedent worked on the upper level of defendant-employers plant for his entire twenty-five (25) years with defendant-employer. As a part of decedents job duties, however, he went to the graveaur area several times daily for 10-15 minutes each time. Decedent was also required to spend time in defendant-employers warehouse retrieving files and documents, as well as obtaining materials and supplies from the boiler room.
7. In approximately 1990, pursuant to an environmental assessment study of defendant-employers entire plant, defendant-employer contracted with Falcon Associates to remove asbestos from areas and equipment within defendant-employers plant.
8. Falcon Associates determined that there was one hundred and fifty (150) liner feet of asbestos pipe insulation in poor condition in defendant-employers graveaur area, which used to be the pentigraph and engraving area. Falcon Associates found asbestos insulation in defendant-employers warehouse and also found an old boiler and pipes in the boiler room which were covered with asbestos insulation. The floor area around the boiler was contaminated with asbestos insulation and had insulation coming out of its wrapper in the form of a white or gray sand-like material. The boiler room was dirty and dusty.
9. During the asbestos removal process by Falcon Associates, two men spent a total of nine hours glove bagging asbestos pipe insulation in the graveaur area and eighteen hours glove bagging asbestos insulation in defendant-employers warehouse. This asbestos removal process occurred after decedents employment with defendant-employer had ended.
10. Decedent was examined by Dr. David E. Shanks, an internist and pulmonary disease expert, in 1982. Dr. Shanks is also a member of the North Carolina Industrial Panel, Byssinosis Panel, the Industrial Panel and the Asbestos Panel. However, the Industrial Commission did not refer decedent to Dr. Shanks, nor did Dr. Shanks treat and diagnose decedent in his capacity as an Industrial Commission Panel physician.
11. Dr. Shanks diagnosed decedent with idiopathic pulmonary fibrosis based on the history provided to him by decedent at that time. On 24 March 1994, Dr. Felix Evangelist performed a decordication on decedent due to an entrapped lung. During the procedure, Dr. Evangelist determined that decedent had mesothelioma in the left chest.
12. Decedent did not relate his history of asbestos exposure to any physician until late 1994. Dr. Shanks opined that because decedent did not work as an insulator, pipe fitter or in another similar position that decedent had no reason to know of or look for asbestos in his work environment. However, on or about 30 January 1995, when decedent reported possible asbestos fiber exposure from his job in the Navy, Dr. Shanks diagnosed decedent with asbestosis and mesothelioma related to decedents workplace exposure to asbestos.
13. In July of 1996, Dr. D. Allen Hayes, an internist and pulmonary disease expert, reviewed decedents medical records. Dr. Hayes opined that decedent has a malignant mesothelioma.
14. On 23 October 1996, decedent reported asbestos exposure within defendant-employers plant to Dr. Shanks for the first time. Dr. Shanks opined that decedents asbestosis exposure and the resulting mesothelioma was a result of his exposure to asbestos dust in the Navy and his exposure to asbestos dust while working for defendant-employer.
15. Due to his asbestosis and resulting mesothelioma, decedent did not work in any capacity for any employer after 23 April 1991.
16. Throughout decedents twenty-five (25) year employment with defendant-employer, decedent was injuriously exposed to asbestos and asbestos dust in defendant-employers plant, specifically in the graveaur area, the warehouse and in the boiler room.
17. During the time that decedent was employed by defendant-employer, he was injuriously exposed to the hazards of asbestos in excess of thirty (30) working days, or parts thereof, within seven consecutive months.
18. Decedents employment with defendant-employer placed him at an increased risk of developing asbestosis as opposed to the public generally.
19. Decedent has contracted asbestosis, a scheduled occupational disease, as a result of his occupational exposure to asbestos.
20. There is insufficient evidence in the record upon which to make a finding that decedent was exposed to the hazards of asbestos subsequent to his employment with defendant-employer.
21. Decedent was last injuriously exposed to the hazards of asbestos while employed by defendant-employer.
22. Decedents mesothelioma was due to causes and conditions characteristic of and peculiar to his particular employment with defendant-employer, which is not an ordinary disease of life to which the general public is equally exposed outside of this employment.
23. Decedent has contracted mesothelioma, an occupational disease, as a result of his occupational exposure to asbestos.
24. There is insufficient evidence in the record to establish that decedent was exposed to the hazards of asbestos and the resulting mesothelioma subsequent to his employment with defendant-employer.
25. Decedent was last injuriously exposed to the hazards of asbestos resulting in mesothelioma while employed by defendant-employer.
26. After decedents first diagnosis of asbestosis and mesothelioma, decedent timely filed his claims.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedents claims for compensation as a result of his contraction of asbestosis and mesothelioma were timely filed. G.S. 97-58.
2. Decedent was last injuriously exposed to the hazards of asbestos and the resulting mesothelioma while employed by defendant-employer for as much as thirty (30) days, or parts thereof, within seven consecutive calendar months immediately preceding his last exposure in 1982. G.S. 97-57.
3. Decedent contracted asbestosis as a result of his occupational exposure to asbestos while working for defendant-employer. G.S.97-53(24). As a direct and natural result of his occupational exposure to asbestos, decedent developed mesothelioma which is an occupational disease due to causes and conditions characteristic of and peculiar to his employment and which is not an ordinary disease of life to which the general public was equally exposed. G.S. 97-53(13).
4. As a result of decedents asbestosis and mesothelioma, Mrs. Betty Broome, plaintiff and executrix of decedents estate, is entitled to be paid by defendants temporary total disability compensation at the rate of $385.90 per week for the period of 23 April 1991 through 17 August 1998. G.S. 97-29.
5. As a result of decedents asbestosis, mesothelioma and related death, Mrs. Betty Broome, plaintiff and executrix of decedents estate, is entitled to be paid by defendants burial expenses not to exceed $2,000.00. G.S. 97-38
6. Plaintiff, Mrs. Betty Broome, is the widow of decedent and as such is conclusively presumed to have been wholly dependent upon him at the time of his death.
G.S. 97-39. As the sole dependent, plaintiff is entitled to Ereceive benefits at the exclusion of all other persons. G.S.97-38. Accordingly, plaintiff is entitled to receive benefits at the rate of $385.90 per week for a period of 400 weeks from the date of decedents death. G.S. 97-38.
7. Decedents estate is entitled to have defendants pay for all medical expenses incurred his asbestosis and resulting mesothelioma. G.S. 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to Mrs. Betty Broome as plaintiff and executrix if decedents estate at the rate of $385.90 per week from 23 April 1991 through 17 August 1998. Having accrued, this compensation shall be paid to plaintiff in a lump sum, subject to the attorneys fee approved herein.
2. Defendants shall pay to Mrs. Betty Broome, as plaintiff and executrix of decedents estate, burial expenses not to exceed $2,000.00.
3. Defendants shall pay Mrs. Betty Broome, as the widow and dependent of decedent, benefits at the rate of $385.90 per week for a period of 400 weeks from the date of decedents death. From the portion having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorneys fee approved herein.
4. Defendants shall pay plaintiffs medical expenses incurred or to be incurred when bills for the same have been approved pursuant to procedures established by the Commission.
5. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. From the amounts having accrued, this fee shall be deducted from the amounts owed to plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
6. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER